# Deburghraeve *v.* Autenrieth, Appellant.

*Contract—Sale—Bailment.*

Where the correspondence and accountings between a foreign shipper of goods and his consignees in this country show that there was no intent upon the part of the parties to pass the title to the goods to the consignee, but that the goods were to be sold and the net proceeds paid over to the foreign shipper, the fact that in the invoices, customs house entries, and shipping declarations, the transaction is referred to as a sale, is immaterial as affecting the title in the foreign shipper, the goods not being dutiable, and there being no intent to deceive any one.

Argued Oct. 12, 1903. Appeal, No. 86, Oct. T., 1903, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1901, No. 1857, on case stated in suit of J. Deburghraeve, trading as J. Canal Fils v. Matilda F. Autenrieth, Executrix of Charles A. F. Autenreith, surviving partner of Moelling & Autenreith. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine the ownership of a fund arising from the sale of certain bales of wool and hair.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff.

*Robert J. Byron*, for appellant.—The claimant cannot succeed because he cannot maintain, as against the creditors of Moelling & Autenrieth, that the transaction was a consignment: Cooper & Co. v. Whitmer, 18 W. N. C. 376 ; Peek v. Heim, 127 Pa. 500 ; Ott v. Sweatman, 166 Pa. 217 ; Brunswick & Balke Co. v. Hoover, 95 Pa. 508 ; Wagner v. Com., 16 W. N. C. 75.

*James Wilson Bayard*, for appellee.

OPINION BY ORLADY, J., March 14, 1904 :

From the case stated it appears that the plaintiff was a wool merchant of Orleans, France, who, from time to time and for a number of years preceding the transactions involved in this case

had consigned goods from various parts of Europe to the firm of Moelling and Autenrieth, bankers and brokers at Philadelphia, and that the goods in controversy had been delivered to Charles A. F. Autenrieth as the surviving partner of that firm, on the same terms, agreements and conditions as all other goods had been delivered.  When Charles A. F. Autenrieth (the surviving partner) died certain bales of wool and hair in his possession, were sold under an agreement between the parties to this suit, and the proceeds (after deducting all charges, expenses and broker's commissions) deposited with a banking house to await the determination of the title to the goods.  The plaintiff invoiced the goods to Moelling and Autenrieth, who kept them in bond or stored them in warehouses. The insurance policies against loss by fire, and the warehouse certificates were issued to and in the name of the consignees and were so held at the death of the surviving partner of the firm.  The defendant firm did not conduct the sale of the goods as this part of the business was entrusted to one Cooper and other wool brokers (who were mutually agreed upon by the parties), but the proceeds of all sales were received by them, and who after paying or deducting custom house and storage charges, insurance, their own commissions and other expenses, they paid to the plaintiff at Orleans, France, the net selling price realized from the respective consignments and submitted, with their remittance, a detailed statement of each transaction.  The plaintiff did not advance any money to cover the charges, insurance or expenses, nor did the defendants make any payments to the plaintiff until after the goods were sold to consumers and they had received the price therefor.

On the face of these papers the business was conducted as if each consignment had been a sale by the plaintiff to the defendants, it being so designated in the invoices, and custom house entries, and so averred in the affidavits made by the plaintiff in the shipping declarations required by the statutes of the United States government.  Without more it would be considered a sale.  The defendant contends that the plaintiff is estopped from questioning the validity of this special transaction as shown by the invoices and declarations.  However, a number of letters exchanged between the principals during the progress of the business, have been attached and made a part of the case

stated, and from which it is clear that the plaintiff never intended to pass title to the defendants, and it is equally clear that the defendants never asserted any title thereto further than to act with the wool brokers in effecting a sale to consumers, and accounting to the plaintiff for the net proceeds of such sales when finally consummated. The whole correspondence evinces this conclusion and the subsequent accounting by the defendants of the net proceeds after deducting all charges, expenses and commissions shows their conclusive interpretation of their relation to the goods. In the light of this extended correspondence neither the firm nor its surviving member could successfully urge that the plaintiff did not own these goods. The title of the executrix of the surviving partner is no greater than that of the decedent she represents. This controversy is the same as if the original principals were the parties on the record. Neither the substitution of the legal representative of the consignee, nor the fact that the surviving partner died insolvent affects the title by which he came into possession of the property. So far as this record shows, the issue is between the parties to the transaction. No other rights are asserted, and it is not a case for the application of the rules of estoppel. All the facts of the case were mutually understood, and they were of the parties' own designing; hence, Autenrieth, the surviving partner, was not misled. He did not advance or pay any money until the goods were finally sold, hence his credit was not induced. No mistake was made or fraud practiced, as the course of business was ratified with each succeeding transaction. He surrendered no rights neither did he sustain any injury, as he composed the accounts and deducted just what he contracted for. The relation between the parties was in a sense a confidential one, in which each was severally benefited, and as such it should be concluded. The name given to the transaction by the parties is not important, but rather what was its essential character. The real reason for dealing as they did is not clear, but as Mr. Autenrieth was not injured, his representative should not be heard to complain. There was no design to evade our customs or tariff duties as there was no tariff duty imposed on these goods at the time they were brought into the country. Two of the consular invoices were noted as follows "for customs purposes only" and a subsequent letter

declared "it being well understood that these sales will always be, the risks of customs duty to be bourne by the purchaser."

For the reasons above given the assignment of error is overruled and the judgment is affirmed.